# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>CHIANG FANG CHI-YI, et al.,<br><br>Defendants. | Case No. 13-cv-04383-BLF<br><br>**ORDER GRANTING VENABLE'S MOTION TO LIFT THE STAY AND WITHDRAW AS COUNSEL FOR DEFENDANTS, SUBJECT TO ADMINISTRATIVE CONDITION** |

Before the Court is Venable LLP's ("Venable") motion to lift the stay and withdraw as counsel of record in this matter for Defendants and Cross-Defendants Chiang Fang Chi-yi, Chiang Tsai Hui-mei, Chiang Yo-sung, Chiang Yo-lan, Chiang Yo-bo, Chiang Yochang and Chiang Yo-ching (collectively, "Venable Defendants") pursuant to Civil Local Rule 11-5(a). *See* ECF 168. No party has opposed the motion, but Plaintiff the Board of Trustees of the Leland Stanford Junior University ("Stanford University") expressed its concern that once Venable withdraws as counsel, the Court and the remaining counsel will not have an effective means of communicating with those defendants. *See* ECF 169. The Court held a hearing on the motion to withdraw on November 30, 2017 to discuss how the Court and remaining counsel could effectively contact the Venable Defendants going forward.

For the reasons stated on the record and below, Plaintiff's Motion to Withdraw as Counsel is GRANTED subject to Venable's remaining administrative obligation to request that the Venable Defendants accept service by email in this matter, and to notify them of their obligation to inform the Court of their mailing addresses.

**I. LEGAL STANDARD**

The decision to grant or deny an attorney's motion to withdraw as counsel is committed to the sound discretion of the trial court. *j2 Glob. Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254PJH, 2009 WL 464768, at *1 (N.D. Cal. Feb. 24, 2009) (citing *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir.)). In this district, the California Rules of Professional Conduct govern withdrawal of counsel. *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008); *j2 Glob. Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254PJH, 2009 WL 464768, at *1 (N.D. Cal. Feb. 24, 2009). The Rules set forth several grounds under which an attorney may seek to withdraw, including "conduct [that] renders it unreasonably difficult for the member to carry out the employment effectively." Cal. Rules of Prof 'l Conduct R. 3−700(C)(1)(d).

Under Civil Local Rule 11-5, "[c]ounsel may not withdraw from an action unless relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Where "withdrawal of an attorney is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes." Civ. L.R. 11-5(b).

**II. DISCUSSION**

This is an interpleader action initiated by Stanford University to determine claims of ownership to various diaries, papers, and items pertaining to two former presidents of the Republic of China: Chiang Kai-shek and his son Chiang Ching-kuo. The action has been stayed since September 2, 2015 pending the resolution of related litigation in the Republic of China (Taiwan). *See* ECF 122.[1] Although the litigation in Taiwan is actively moving toward a resolution of the claimants' ownership interests, it is possible that once that litigation has resolved, the stay will be lifted and the instant case may resume. In addition, Academia Historica has recently filed a motion for a temporary lift of the stay in this case for the limited purpose of conducting an

---

[1] The stay has been continuous with the exception of a brief lifting of the stay for the sole purpose of allowing Stanford to amend its pleadings to add Chiu Ju-hsüeh (a/k/a Chiang Chiu Ju-hsüeh) to the complaint. *See* ECF 151.

2

inspection and inventory of items held by Stanford University. *See* ECF 172.

On July 20, 2017, the Venable Defendants emailed their counsel at Venable, Tamany Bentz, indicating that they no longer needed Venable's legal services. *See* Declaration of Tamany Vinson Bentz ("Bentz Decl.") ¶ 2, ECF 168-1. Counsel wrote to Defendants to confirm and clarify the instruction, and Defendants responded unequivocally that they no longer want Venable's representation. *Id.* ¶¶ 3-4. The Venable Defendants do not have substitute counsel, and they will proceed pro se if this motion is granted until these defendants secure substitute counsel.

With this background in mind, the Court finds that Venable's communication with its clients constitutes good cause to GRANT Venable's motion to withdraw as counsel. Given the current stay in the case, the Court further concludes that withdrawal will not prejudice justice or unduly delay resolution of this matter. Moreover, the next hearing in this matter is set for March 22, 2018 on Academia Historica's motion to lift the stay for the limited purpose of conducting an inspection and inventory of items held by Stanford, which gives the Venable Defendants an opportunity to engage new counsel in advance of the hearing

The Court also shares Stanford University's concern that the Court and the remaining parties and counsel need to have a method to contact the Venable Defendants both before and after the stay is lifted. Ms. Bentz represents that Venable has "consistently and successfully communicated with Defendants via email throughout this case." Bentz Decl. ¶ 5. At the hearing, Stanford indicated that it does not have the email addresses of the Venable Defendants. Venable agreed to provide the email addresses of its former clients to Stanford, and further agreed as an administrative courtesy to contact the Venable Defendants and request their acceptance of service by email in this action. The Court also instructed Venable to notify these defendants that as parties to this action, they are obligated to inform the Court of their current mailing addresses. Should these defendants decline to consent to service by email, they shall be served by mail going forward.

Accordingly, the Court GRANTS Venable's Motion to Lift the Stay and Withdraw as Counsel of Record. Pursuant to Rule 11-5(b) and the discussion at the hearing on Venable's motion, this withdrawal is subject to the condition that Venable retains an administrative

3

obligation to contact the Venable Defendants in order to: (1) request their consent to service via email in this matter; and (2) notify the Venable Defendants of their obligation to inform the Court of their current mailing addresses in order for the remaining parties and the Court to serve these Defendants by mail should they decline to accept email service. Venable shall provide this administrative duty until all of the Venable Defendants have provided the Court and all counsel with mailing addresses.

**IT IS SO ORDERED.**

Dated: November 30, 2017

_____
BETH LABSON FREEMAN
United States District Judge