UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>CHIANG FANG CHI-YI, et al.,<br><br>Defendants. | Case No. 13-cv-04383-BLF<br><br>**ORDER GRANTING MOTION FOR AN ORDER RELEASING AND DISCHARGING STANFORD FROM LIABILITY; AND RESTRAINING EACH DEFENDANT FROM INSTITUTING ACTION AGAINST STANFORD FOR RECOVERY OF DEPOSIT**<br><br>[Re: ECF No. 332] |

The present interpleader action stems from the diaries and other writings of Chiang Kai-shek and Chiang Ching-kuo (the "Deposit"), currently housed at the Hoover Institution at Stanford University ("Stanford"). In September 2013, Stanford came before this Court seeking interpleader relief to resolve the conflicting claims of ownership to the Deposit that Stanford had received and to release it from liability for said claims. Now, Stanford moves for an order effectuating the interpleader protections it requested (the "Motion"), as well as partial judgment pursuant to Rule 54(b). For the foregoing reasons, Stanford's Motion is GRANTED.

I.  **BACKGROUND**

  A.  **Factual Background**

The Deposit consists of personal diaries, letters, and other papers created by Chiang Kai-shek and Chiang Ching-kuo, the two most prominent leaders of the Republic of China (Taiwan) in the 20th century. TAC ¶¶ 11-15. These papers are currently on loan to the Hoover Institution at Stanford, where they are maintained under strict archival conditions with controlled light exposure, temperature, humidity, pest control, and handling. *Id.* ¶¶ 17-19; *see also* Wakin Decl.

¶¶ 25-36. Since receiving physical custody of the Deposit around December 2004, Stanford has received or learned of multiple claims of ownership to the Deposit from each of the Defendants and, despite expending significant efforts to resolve the disputes, Stanford has not been able to determine to whom the Deposit should be delivered. TAC ¶¶ 43-48.

### B.  Procedural History

Nearly nine years ago, Stanford filed its initial Complaint in Interpleader on September 20, 2013. ECF No. 1. Since then, Stanford has amended the complaint three times to add new parties who alleged ownership over the contents of the Deposit, including additional heirs and Academia Historica ("AH"), an instrumentality of the Republic of China and its "highest-level organization tasked with affairs relating to the nation's history." TAC ¶ 31; ECF Nos. 29, 52, 152; *see also* Mot. 2. Defendants have filed their answers and asserted cross claims against other parties, though none were against Stanford. ECF Nos. 34, 58, 59, 63, 65; *see also* Mot. 4 n.1.

Shortly after Stanford filed its initial Complaint, it also filed an *Ex Parte* Application to Retain Deposit of *Res* through the pendency of the litigation in lieu of depositing the materials with the Court, citing the fragility of the contents and sheer volume of materials. ECF No. 12. The Court granted Stanford's request on October 8, 2013, and Stanford has since maintained the *res* on behalf of the Court.

On September 2, 2015, the Court ordered this action be stayed pending the filing of a lawsuit in Taiwan to determine ownership of the Deposit. ECF No. 122, at 19. The stay has since remained in place with limited exceptions to add parties, withdraw counsel, conduct an inventory of the Deposit's contents, as well as Stanford's filing of the instant motion. *See* Mot. 6-7 n.3-5.

Most recently, on August 17, 2022, AH informed the Court that the Taiwan intermediate appellate court affirmed the trial court's judgment, and the time to appeal that decision had run. ECF No. 341. Accordingly, the proceedings were concluded and the Taiwan judgment final. On August 18, 2022, the Court lifted the stay in this action for all purposes. ECF No. 344.

## II.  LEGAL STANDARD

In an interpleader action, the "stakeholder" of a disputed property "sues all those who might have claim to the money, deposits the money with the district court, and lets the claimants

litigate who is entitled to the money." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1265 (9th Cir. 1992). Procedurally, an interpleader action typically involves two stages. "First, the court determines the propriety of interpleading the adverse claimants and relieving the stakeholder from liability. The second stage involves an adjudication of the adverse claims of the defendant claimants." *Metro. Life Ins. Co. v. Billini*, 2007 WL 4209405, at *2 (E.D. Cal. Nov. 27, 2007).

"To determine the complaint's appropriateness, the Court must determine whether it has jurisdiction and whether there is a legitimate fear of multiple litigation." *Great Am. Life Ins. Co. v. Brown-Kingston*, 2019 WL 8137717, at *2 (E.D. Cal. May 14, 2019); *see* 28 U.S.C. § 1335.

Once a court has determined that the interpleader action is appropriate and the disputed property has been deposited with the court, "a court should readily discharge a stakeholder absent bad faith or delay by the stakeholder." *Metro. Life Ins.*, 2007 WL 4209405, at *2. The Court may also "enter its order restraining [all claimants] from instituting or prosecuting any proceeding in any State or United States court affecting the property . . . involved in the interpleader action" and "discharge the plaintiff from further liability." 28 U.S.C. § 2361; *see also In re 1563 28th Ave., San Francisco, CA 94112*, 333 F.R.D. 630, 635 (N.D. Cal. 2019).

## III. DISCUSSION

The propriety of this interpleader action is undisputed. To the extent AH's response opposed Stanford's Motion in part (ECF No. 334), none of AH's arguments or concerns disputed the Court's interpleader jurisdiction in this action. That said, the Court briefly addresses the jurisdictional requirements for interpleader.

**A. Interpleader**

**i. Subject Matter Jurisdiction**

Pursuant to 28 U.S.C. § 1335, a federal court generally has jurisdiction over a "statutory interpleader" claim if five requirements are met:

> First, a "stake" or "res" must exist that is under the control of the person bringing the lawsuit so as to be deliverable to the registry of the court. The "stake" must be valued at $500 or more. Second, the plaintiff must establish that two or more adverse claimants . . . are claiming or may claim entitlement to the stake. Third, the claims must be adverse to and independent of one another. Fourth, minimal diversity—defined as diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens—

must exist.  Finally, venue must be proper.

*Nevada ex rel. Colorado River Comm'n of Nevada v. Pioneer Companies, Inc.*, 245 F. Supp. 2d 1120, 1125 (D. Nev. 2003) (internal citations and quotation marks omitted).  Here, Stanford has alleged the requisite facts unopposed and taken the necessary actions to satisfy the federal statutory interpleader requirements.  Mot. 14-17.

There is no dispute that a *res* exists under Stanford's control, consisting of 59 boxes of handwritten and autographed materials from Chiang Kai-shek and Chiang Ching-kuo.  Wakin Decl. ¶¶ 5, 19-20.  Although ascertaining the specific monetary value of the Deposit may be impossible given the items' historical and cultural significance, the Court has no issue finding that the value exceeds the jurisdictional $500 threshold.  *See id.* ¶¶ 17-19.  Although the Deposit is physically in Stanford's possession at the Hoover Institution and Stanford is willing to deposit the Deposit with the Clerk of the Court (Wakin Decl. ¶¶ 23-42), the Court has ordered Stanford to retain possession of the Deposit and maintain its contents under current archival conditions.  ECF No. 13, Oct. 8, 2013; *see also* Mot. 16 ("[W]hile the Deposit is physically in Stanford's possession, Stanford is effectively holding the Deposit in trust for the Court at the Court's request.").  Given the exceptional circumstances here, the fragile nature of the Deposit, and Stanford's commitment to complying with the Court's future orders regarding the Deposit, the Court finds that its jurisdiction is secure with respect to 28 U.S.C. § 1335(a)(2).  *See also Hudson Sav. Bank v. Austin*, 479 F.3d 102, 107 (1st Cir. 2007) ("At bottom, interpleader is an equitable mechanism, and courts should not hesitate to 'eliminat[e] those technical restraints on the device that are not founded on adequate policy considerations.'").

Regarding the second and third requirements listed above, the TAC alleged that Stanford had "received or learned of claims of ownership to the Deposit, or parts of it, from each of the Defendants."  TAC ¶ 44, 47.  These fears of competing claims were borne out by Defendants' answers to Stanford's Second Amended Complaint, in which they each claimed some rightful ownership over the Deposit.  *See, e.g.*, ECF No. 65, at 8-9; ECF No. 68 ¶ 21; ECF No. 69 ¶ 21.  The Court is satisfied that the jurisdictional requirement of adverse claims is met.

Minimal diversity is also satisfied in this case.  The claimant Defendants include residents

1  of California, New York, the United Kingdom, Taiwan, and Hong Kong (a Special Administrative
2  Region of the People's Republic of China).  TAC ¶¶ 21-36; 28 U.S.C. § 1335(a)(1).

3  With respect to the venue requirement, venue is proper for an interpleader action in any
4  "judicial district in which one or more of the claimants reside."  28 U.S.C. § 1397.  The TAC
5  alleges that Defendant Chiang Hsiao-chang is a resident of this district, TAC ¶ 41; therefore,
6  venue is proper in the Northern District of California.

7  Because Stanford has made the requisite showing and no Defendant has opposed
8  Stanford's motion or the Court's jurisdiction, the Court finds that interpleader is proper.

### ii. Relief to Stanford

"Once the court determines that an interpleader is proper, it may discharge the stakeholder from further liability."  *Great Am. Life Ins.*, 2019 WL 8137717, at *2; *see also* 28 U.S.C. § 2361.

The Court finds that Stanford has filed this interpleader in good faith and with consideration for the Deposit's contents.  Stanford has made no ownership claim over the Deposit and taken no position as to the rightful ownership of the Deposit.  TAC ¶ 48; Mot. 1.  Following the Court's discussion with the parties on August 18, 2022, there is no opposition to Stanford's request.  Accordingly, the Court GRANTS the Motion pursuant to 28 U.S.C. § 2361 to release and discharge Stanford from any liability for the claims each Defendant may have in the Deposit and to enjoin all Defendants from instituting any action against Stanford for recovery of the Deposit.

### B. Rule 54(b) Partial Judgment

During the Court's discussion on August 18, 2022, Stanford also requested that the Court enter partial judgment as to Stanford under Federal Rule of Civil Procedure 54(b).

The Court may direct entry of a final judgment as to one or more, but fewer than all, parties if there is no just reason for delay.  Fed. R. Civ. P. 54(b).  This power is largely discretionary, to be exercised "in light of 'judicial administrative interests as well as the equities involved,' and giving due weight to 'the historic federal policy against piecemeal appeals.'"  *Reiter v. Cooper*, 507 U.S. 258, 265 (1993) (internal citation and quotation marks omitted).

Rule 54(b) is applicable to this interpleader action.  Following the Court's finding that interpleader is proper and the concurrent order discharging Stanford from liability as to any claims

Defendants may have in the Deposit, there is nothing left for the Court to resolve with respect to Stanford while the remaining Defendants litigate amongst themselves to determine their respective interests in the Deposit.  *See, e.g.*, *Great Am. Life Ins.*, 2019 WL 8137717, at *3 (finding no just reason to delay entry of final judgment after stakeholder plaintiff discharged from liability and claimants enjoined from pursuing suit against stakeholder); *Transamerica Life Ins. Co. v. Est. of Ward*, 2011 WL 5241257, at *5 (E.D. Cal. Oct. 31, 2011) (noting that entering partial judgment is a "key first step in providing [stakeholder] with the certainty and finality that judgment in an interpleader is intended to provide").  Accordingly, the Court determines that there is no just reason for delay and directs entry of final judgment with respect to Stanford.

## IV.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Stanford's Motion is GRANTED, as follows:

1. Stanford is RELEASED and DISCHARGED from any and all liability on account of the claims each Defendant may have in the Deposit, or any and all parts thereof;
2. Each Defendant is RESTRAINED from instituting any action against Stanford for recovery of the Deposit;
3. Stanford shall continue to maintain possession of the Deposit on behalf of this Court, in conditions substantially similar to those in which it currently maintains the Deposit, for the pendency of this litigation, or until further Order of this Court;
4. The Court shall retain jurisdiction with regard to Stanford's maintenance of possession of the Deposit on behalf of this Court and the ultimate disposition of portions or all of the Deposit as may be ordered by the Court; and
5. There being no just reason for delay, final judgment pursuant to Federal Rule of Civil Procedure 54(b) is therefore DIRECTED as to Stanford.

Dated:  August 22, 2022

/s/ Beth Labson Freeman
BETH LABSON FREEMAN
United States District Judge