United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>CHIANG FANG CHI-YI, et al.,<br><br>Defendants. | Case No. 13-cv-04383-BLF<br><br>**ORDER GRANTING MOTION TO RECOGNIZE AND ENFORCE THE TAIWAN JUDGMENT** |

The present interpleader action stems from the diaries and other writings of Chiang Kai-shek and Chiang Ching-kuo (the "Deposit"), currently housed at the Hoover Institution at Stanford University ("Stanford"). In September 2013, Stanford came before this Court seeking interpleader relief to resolve the conflicting claims of ownership to the Deposit that Stanford had received and to release it from liability for said claims. The Court stayed this action pending the filing of a lawsuit in Taiwan to determine ownership of the Deposit. That lawsuit has concluded, and the Taiwan judgment is final. Now before the Court is a motion by Academia Historica ("AH") to recognize and enforce the Taiwan judgment. For the reasons stated on the record at the hearing and explained below, AH's Motion is GRANTED.

**I. BACKGROUND**

**A. Factual Background**

The Deposit consists of personal diaries, letters, and other papers created by Chiang Kai-shek and Chiang Ching-kuo, the two most prominent leaders of the Republic of China (Taiwan) in the 20th century. ECF No. 152 ("TAC") ¶¶ 11-15. These papers are currently on loan to the Hoover Institution at Stanford, where they are maintained under strict archival conditions with

1  controlled light exposure, temperature, humidity, pest control, and handling. *Id.* ¶¶ 17-19;
2  Declaration of Eric Wakin, ECF No. 332-2 ¶¶ 25-36. Since receiving physical custody of the
3  Deposit around December 2004, Stanford has received or learned of multiple claims of ownership
4  to the Deposit from each of the Defendants and, despite expending significant efforts to resolve
5  the disputes, Stanford has not been able to determine to whom the Deposit should be delivered.
6  TAC ¶¶ 43-48.

### B. Procedural History

Over nine years ago, Stanford filed its initial Complaint in Interpleader on September 20, 2013. ECF No. 1. Since then, Stanford has amended the complaint three times to add new parties who alleged ownership over the contents of the Deposit, including additional heirs and Academia Historica ("AH"), an instrumentality of the Republic of China and its "highest-level organization tasked with affairs relating to the nation's history." TAC ¶ 31; ECF Nos. 29, 52, 152. Defendants have filed their answers and asserted cross claims against other parties, though none were against Stanford. ECF Nos. 34, 58, 59, 63, 65.

Shortly after Stanford filed its initial Complaint, it also filed an *Ex Parte* Application to Retain Deposit of *Res* through the pendency of the litigation in lieu of depositing the materials with the Court, citing the fragility of the contents and sheer volume of materials. ECF No. 12. The Court granted Stanford's request on October 8, 2013, and Stanford has since maintained the *res* on behalf of the Court.

On September 2, 2015, the Court ordered this action be stayed pending the filing of a lawsuit in Taiwan to determine ownership of the Deposit. ECF No. 122 at 19. On June 19, 2020, the Taipei District Court issued a written ruling. *See* ECF No. 351-2 ("Taipei District Court Decision"). The case was appealed, and on July 12, 2022, the Taiwan High Court issued a ruling and judgment affirming the decision and judgment. *See* ECF No. 351-4 ("Taiwan High Court Decision"). On August 17, 2022, AH informed the Court that the Taiwan intermediate appellate court affirmed the trial court's judgment, and the time to appeal that decision had run. ECF No. 341. Accordingly, the proceedings were concluded and the Taiwan judgment final. On August 18, 2022, the Court lifted the stay in this action for all purposes. ECF No. 344.

1    On October 17, 2022, AH filed a motion to recognize and enforce the Taiwan judgment. ECF No. 351 ("Mot."); *see also* ECF No. 357 ("Reply").  Four defendants, Chiang Hsiao-yen, Chiang Hui-lan, Chiang Hui-yun, and Chian Wan-an (collectively, "the Chiang Hsiao-yen Defendants"), oppose the motion.  ECF No. 356 ("Opp.").  The Court held a hearing on the motion on December 15, 2022.  *See* ECF No. 360.

## II.   LEGAL STANDARD

"[E]nforceability of judgments of courts of other countries is generally governed by the law of the state in which enforcement is sought." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1212 (9th Cir. 2006) (citing *Bank of Montreal v. Kough*, 612 F.2d 467, 469-70 (9th Cir. 1980)).  California's Recognition Act, which is modeled on the Uniform Foreign-Country Money Judgments Recognition Act, applies to a foreign-country judgment that "[g]rants or denies recovery of a sum of money." Cal. Civ. Proc. Code § 1715(a)(1); *see also De Fontbrune v. Wofsy*, 39 F.4th 1214, 1221 (9th Cir. 2022).  "Because the Uniform Act does not cover injunctions," in cases involving injunctions, a court will "look to general principles of comity followed by the California courts," and it may consult the Restatement (Third) of the Foreign Relations Law of the United States ("Restatement"). *Yahoo! Inc.*, 433 F.3d at 1213.  Under the Restatement, "an American court will not enforce a judgment if 'the cause of action on which the judgment was based, or the judgment itself, is *repugnant to the public policy* of the United States or of the State where recognition is sought[.]'" *Id.* (quoting Restatement § 482(2)(d)).

Comity "is the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws." *Hilton v. Guyot*, 159 U.S. 139, 163-64 (1895).  "Courts 'may, but are not required to, execute the judgment of a foreign nation as a matter of comity.'" *Fleischer Studios, Inc. v. A.V.E.L.A., Inc.*, No. CV 14-08864-CJC(SHx), 2016 WL 2983504, at *4 (C.D. Cal. Mar. 7, 2016) (quoting *In re Stephanie M.*, 7 Cal. 4th 295, 314 (1994)).  "The doctrine of comity prescribes that a court of this nation recognize the judgment of a court of a foreign nation when the foreign court

3

1  had proper jurisdiction and enforcement does not prejudice the rights of United States citizens or
2  violate domestic public policy." *Id.* (quoting *Stephanie M.*, 7 Cal. 4th at 314). "It has long been
3  the law that unless a foreign country's judgments are the result of outrageous departures from our
4  own notions of 'civilized jurisprudence,' comity should not be refused." *Brit. Midland Airways,*
5  *Ltd. v. Int'l Travel, Inc.*, 497 F.2d 869, 871 (9th Cir. 1974) (citing *Hilton*, 159 U.S. at 205).

### III.  ANALYSIS

AH filed the lawsuit ("Taiwan Action") in Taipei District Court in 2015. Declaration of Hui-Feng Hsu, ECF No. 351-17 ("Hsu Decl.") ¶¶ 2, 4. All the defendants in the above-captioned case were named as defendants in the Taiwan Action and were served with the lawsuit. *Id.* ¶ 13. Several of the parties settled and assigned or otherwise transferred their interests and rights in the Deposit to AH. *Id.* ¶ 12. All other defendants were properly served and appeared in the case. Mot. at 6-7; *see also* Hsu Decl. ¶¶ 15-21; Taipei District Court Decision at 1 (listing parties and counsel). Both the Taipei District Court and Taiwan High Court found that they had jurisdiction over all defendants. Hsu Decl. ¶ 20. During the course of the Taiwan Action, the courts held several evidentiary, procedural, and merit hearings at which the parties could participate. *Id.* ¶ 23. The Taiwan courts sent notices to all parties, other than the settling defendants, prior to any hearing. *Id.* ¶ 26. All parties had the opportunity to present arguments and evidence, as well as to challenge or cross-examine the opposing parties. *Id.* ¶ 23. No party disputed that they received due process in the Taiwan Action. *Id.* ¶ 24. Both the Taipei District Court and the Taiwan High Court discussed at length the arguments of the various parties. *See generally* Taipei District Court Decision, Section II; Taiwan High Court Decision, Section II. Both Taiwan courts also provided the factual and legal basis for their decisions. *See generally* Taipei District Court Decision; Taiwan High Court Decision.

One party, Chiang Yo-Mei, appealed the ruling and judgment of the Taipei District Court. Hsu Decl. ¶ 9. The arguments on appeal were legal arguments unrelated to procedural fairness or due process. *Id.* ¶ 25. The judgment of the Taipei District Court was affirmed. *Id.* ¶ 10. The time period to appeal the Taiwan High Court Decision expired on August 10, 2022. *Id.* ¶ 11. No party appealed that decision, meaning that the ruling and judgment of the Taiwan High Court are final.

*Id.*

As stated above, only four defendants, the Chiang Hsiao-yen Defendants, oppose this motion. *See* Opp. They argue that they did not receive notice or due process. *Id.* at 6-9. The objections largely stem from the fact that the Taiwan Action only decided which items in the Deposit AH was entitled to, and it did not decide the rights of the various heirs to the non-AH materials. *See id.* While the Court shares the frustration that the Taiwan Action did not resolve the ownership rights of all parties to all materials in the Deposit, that is not a reason to fail to recognize the judgment that the Taiwan Action did reach as to AH's rights. The Chiang Hsiao-yen Defendants argue that the Taiwan Action was under seal, so the complaint, pleadings, and hearings were not publicly accessible. *Id.* at 7. But even if the Taiwan Action was under seal, and thus not *publicly* accessible, it was accessible to the parties, which included the Chiang Hsiao-yen Defendants. *See* Hsu Decl. ¶¶ 22-23 (describing the parties' opportunity to participate in Taiwan Action). Further, the Chiang Hsiao-yen Defendants provide no evidence that they could not access information related to the proceedings in the Taiwan Action. And the fact that several non-AH defendants, including one of the Chiang Hsiao-yen Defendants, participated in the Taiwan Action indicates that the parties had access to court documents. *See generally* Taipei District Court Decision (noting participation of several defendants and summarizing their arguments). As discussed at the hearing, the Chiang Hsiao-yen Defendants had different counsel in the Taiwan Action as opposed to this action, and the attorney in this action may not have had access to the documents in the Taiwan Action except through his clients. The Chiang Hsiao-yen Defendants also argue that they did not receive "notice," but they seem to be arguing not that they did not receive notice of the lawsuit, but that they did not receive notice that AH had not filed as to the claims of the heirs. Opp. at 8. Again, the Chiang Hsiao-yen Defendants have not shown they did not know what was at issue in the case and, for the reasons discussed above, the failure of the Taiwan Action to reach a decision on the rights of the heirs is not reason to not enforce the judgment. Thus, the rejects the Chiang Hsiao-yen Defendants' arguments and will recognize and enforce the Taiwan judgment.

**IV. ORDER**

AH's motion to recognize and enforce the Taiwan judgment is GRANTED. The Court ORDERS the following next steps:

1. Stanford SHALL divide the Deposit pursuant to the Taiwan judgment.

2. AH SHALL review the division.

3. All heirs SHALL have the opportunity to inspect the division and submit to the Court any objection(s) to the division under the Taiwan judgment.

4. The Court will rule on any objections.

5. AH SHALL file a motion to confirm the division.

6. The Court will issue an Order confirming the division and allowing AH to take possession of the identified items pursuant to the Taiwan judgment. The Order will state that it will go into effect after 60 days to allow for appeal.

Dated: December 16, 2022

BETH LABSON FREEMAN
United States District Judge