PETER C. CHEN (Bar No. 222639)
pchen@lawyer.com
LAW OFFICES OF PETER C. CHEN, APC
901 Corporate Center Drive
Suite 500
Monterey Park, CA 91754
Tel: (323)264-2588
Fax: (323)269-1818

Attorney for Defendant
ACADEMIA HISTORICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| The Board of Trustees of the Leland Stanford Junior University, | Case No.: CV-13-04383-BLF-HRL |
| Plaintiff, | Judge: Hon. Beth Labson Freeman<br>Courtroom: 3 – 5th Floor |
| vs. | |
| Chiang Fang Chi-yi, an Individual; Chiang Yo-mei, an Individual; Chiang Hsiao-chang, an Individual; Chiang Tsai Hui-mei, an Individual; Chaing Yo-sung, an Individual; Chiang Yo-lan, an Individual; Chiang Yo-bo, an Individual; Chiang Yo-chang, an Individual; Chiang Yo-ching, an Individual; Chungyan Chan, an Individual; Academia Historica, an entity of The Republic of China; Chiang Hsiao-yen, an Individual; Chiang Hui-lan, an Individual; Chiang Hui-yun, an Individual; Chiang Wan-an, an Individual; and Chiu Ju-hsueh, an Individual. | **ACADEMIA HISTORICA'S STATEMENT REGARDING SUITABLITY OF RECOMMENDED CANDIDATES FOR MEDIATORS PURSUANT TO COURT ORDER OF JANUARY 26, 2023.** |
| Defendants. | |
| AND RELATED CROSS-CLAIMS. | |

1
ACADEMIA HISTORICA STATEMENT RE: SUITABILITY OF MEDIATORS

Academia Historica (AH), by and through its undersigned counsel, submits the following statements regarding suitability of recommended candidates for mediators pursuant to Court Order of January 26, 2023:

## I. BRIEF BACKGROUND

Pursuant to the Court Order of January 26, 2023, Academia Historica identified and shared its two proposed mediators with Chiang Hsiao Yen Family for the mediation of the balance of the case (as to items of table/list 2-2 from the Taiwan Judgment): Professor Fang, Yuan-Yi and Professor Lo, Cheng Chung. Chiang Hsiao Yen Family shared its two proposed mediators with Academia Historica: Professor Kellogg, Thomas and Professor Su, Yeong-Chin.

After striking one of candidates proffered by the other, the mediators remaining and submitted to the Court for consideration are as follows:

1. By Academia Historica: Professor Fang, Yuan-Yi, (CV is attached as Exhibit 1 hereto) and
2. By Chiang Hsiao Yen Family ("CHYF"): Professor Kellogg, Thomas (CV is attached as Exhibit 2 hereto)

## II. SUITABILITY OF THE CANDIDATE OFFERED FOR CONSIDERATION

Academia Historica's proffered mediator, Dr. Yuan-Yi Fang ("Fang") checks all of the key boxes to serve as the best choice for mediating the present case: 1) legal training in relevant fields; 2) mediation experience; 3) Mandarin Chinese ability; and 4) reasonable fees.

Dr. Fang is the Distinguished Professor of Law and a Dean at the Chinese Cultural University (CCU) in Taipei, Taiwan. Dr. Fang was also a former provost of said university. CCU is a private and one of the largest university in Taiwan whose name was designated by former ROC President Chiang Kai-shek in 1963. (See https:// en.wikipedia.org/wiki/Chinese_Cultural_University). CCU has more

than 30,000 students and 700 faculty members. (Id.)

First, Dr. Fang's fields of expertise include, inter alia, family and private rights law and international law, which are relevant to resolve and mediate disputes among heirs and parties claiming inheritance or family connections to the deposits at issue as well as possible complicities arising from parties with residence in different countries. In addition, Dr. Fang served as Lieutenant Counseling Chief to the Republic of China Army, akin to the U.S. Judge Advocate General's Corp. and also teaches legal systems of Republic of China.  Further, Dr. Fang's extensive education in law included studies and two degrees in Taiwan (Republic of China) and United States.  Combined, Dr. Fang is well versed in the histories and laws of Republic of China (Taiwan) having studied, practiced, and taught (and still teaching) the laws of Republic of China and relevant subject matters.

Second, Dr. Fang also has proven experience in mediation.  Dr. Fang is currently an arbitrator and mediator with the Chinese Arbitration Association (CAA) in Taipei Taiwan.  CAA is a non-profit organization providing impartial arbitration, mediation and other forms of alternative dispute resolutions, in Mandarin Chinese and English, under its own rules or any other rules agreed upon by the parties. In addition to his role with the CAA, Dr. Fang has also mediated cases and disputes between different parties (e.g. students, faculties, and/or other parties etc.) as dean and former provost of Chinese Cultural University.  Collectively, Dr. Fang has substantial and practical experience as a mediator, both in application of appropriate law and legal theories and skill of persuasion on personal level to bring parties to a successful resolution.  Dr. Fang's experience will be useful and effective in the mediation at hand.

Third, as a native speaker of Mandarin Chinese, Dr. Fang is fluent in all aspect of the language: reading, speaking, and writing.  Dr. Fang's fluency will be important in not only his communication with the parties but also his review of the

parties' respective mediation submissions and documents.  Further, Dr. Fang's fluency and native tongue in Mandarin Chinese enable him to quickly understand, review and to the extent necessary, research the laws of Republic of China (Taiwan) and legal positions put forth by the parties of legal arguments during mediation without requiring assistance of a translator or interpretation of the Republic of China laws and documents.  As a practitioner in Taiwan of Republic of China laws, Dr. Fang would also be able to effectively understand and apply the rationale and legal analysis of the Taiwan Courts from the Taiwan Judgment to help the parties mediate the dispute over the balance of the deposit materials. This will expedite the mediation process and mitigate the costs to the parties.

      Fourth, both of the mediators proffered by AH, including Dr. Fang, charge the rate of $2,500 New Taiwanese Dollar (NTD) per day per party to mediate the present case.  The approximate currency conversion of $2,500 NTD as of the date of this filing is $83.00 U.S. Dollars.  Thus, where the parties to the mediation are AH and Chiang Hsiao Yen Family only, the total charge for mediation per day would be a combined $5,000 NTD combined or $166.00 USD per day.  Neither Dr. Fang nor Prof. Lo has received or will receive any financial compensation or reimbursement from AH beyond the per day mediation fees stated above (if chosen as mediator).

      AH expects the mediation process will require multiple days of mediation because the case involves numerous heirs and parties claiming interests who have different positions, proofs or evidence needed in support of standing and/or positions, and application of different provisions of laws of Republic of China (Taiwan).  Accordingly, the rate charged by Dr. Fang is both reasonable and most economical to the parties of all the mediators proffered to the Court, not only on daily basis for the duration of the mediation.  The rate of mediation charged by CHY's proposed mediators, based on the anticipated need for multiple days of mediation, would render mediation a very costly endeavor.  AH, as a public entity

LAW OFFICES
OF
PETER C. CHEN, APC

4
ACADEMIA HISTORICA STATEMENT RE: SUITABILITY OF MEDIATOR

with a set budget limitation, respectfully request the Court to give due consideration as to the cost of mediation.

In addition to the four factors above, Dr. Fang also serves as the most suitable choice for mediation for two more reasons.  One, Dr. Fang is located in Taiwan, where most if not all of the parties currently reside or are situated, including Academia Historica and all four individuals that constitute the Chiang Hsiao Yen Family.  The same proximity of parties and Dr. Fang allows for mediation to be conducted in person to minimize "lost in translation" of words and arguments that sometimes occur via remote conferencing and provide for greater flexibility in scheduling (whether as to when to start, stop, or reconvene) without needing to consider time zone differences.  The proximity of location also allows for easier notification, retrieval, and availability of witnesses and documents that may be needed for mediation, as substantial number of witnesses and relevant documents are located in Taiwan.  For example, documents needed to establish familial lineage as to prove standing are located at government office in Taiwan or parties' homes or offices in Taiwan; as such, it will greatly reduce the time to pull and present such records and reduce the lag or stoppage of mediation.

Two, Dr. Fang is not a member of any political party in Taiwan and is not under the employment of any political party or government agency.  CCU is a private institution subject to the control of a private board of directors that oversees the university.  Dr. Fang is therefore not subject to any purported control or influence of "government" or "ruling party" that CHY Family had alleged previously of other candidates.  Dr. Fang is an accomplished scholar, legal practitioner and proven administrator who has had track record of serving effectively in impartial and mediating roles.

A comprehensive review and comparison of the CVs show that Dr. Fang would be the most suitable choice of the two mediators.  On initial review, Professor

Kellogg has experience and knowledge of China and Asia.  On a deeper analysis and research of his publication show that his connection to China pertains to People's Republic of China (e.g., Beijing, Hong Kong, PRC laws and legal issues) and has little to no connection or experience as to Republic of China (Taiwan).  People's Republic of China and Republic of China (Taiwan) are two separate "Chinas" and countries with different legal systems, histories and sets of laws; the use of "China" by Professor Kellogg and United States pertains to People's Republic of China and not Taiwan.  (See e.g., 22 U.S.C. 3301 et seq., Taiwan Relations Act).  Here, the Republic of China (Taiwan) laws, and not those of People's Republic of China, would govern or apply to the factual and legal issues to be mediated.  It does not appear that Professor Kellogg has practiced, researched, or published about Taiwanese or Republic of China law.  While Professor Kellogg's research and publication are on a scholarly and macro-level only of Chinese laws that do not apply to the disputes at hand, Dr. Fang's experience is based on both scholarly and actual practice of the relevant laws.  The CV for Professor Kellogg provided by Chiang Hsiao Yen family also does not indicate any role or experience in mediation or alternative dispute resolution.  Lastly, the mediator fees are substantially different.

     Based on the above, Academia Historica submits that Dr. Fang is neutral, effective, experienced, and most suitable to be the mediator for the present matter.

                                            Respectfully Submitted,

Dated: February 17, 2023

                                            _/s/ Peter C. Chen_____
                                            Peter C. Chen, Esq.
                                            Attorney for Academia Historica