Peter Su (SBN 226560)
**RADLO & SU**
3000 El Camino Real
Bldg 4 – Suite 200
Palo Alto, CA 94306
Telephone: (650) 325-0550
Facsimile: (650) 521-5955
pete.su@radlosu.com

Attorneys for Defendants Chiang Hsiao-yen, Chiang Hui-lan, Chiang Hui-yun, and Chiang Wan-an

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| The Board of Trustees of the Leland Stanford Junior University, | No. 5:13-cv-04383-BLF |
| Plaintiff, | |
| v. | **THE CHIANG HSIAO-YEN FAMILY'S PROPOSED MEDIATOR** |
| Chiang Fang Chi-yi, an Individual; Chiang Yo-mei, an Individual; Chiang Hsiao-chang, an Individual; Chiang Tsai Hui-mei, an Individual; Chiang Yo-sung, an Individual; Chiang Yo-lan, an Individual; Chiang Yo-bo, an Individual; Chiang Yo-chang, an Individual; Chiang Yo-ching, an Individual; Chungyan Chan, an Individual; Academia Historica, an entity of The Republic of China, Chiang Hsiao-yen, an Individual; Chiang Hui-lan, an Individual; Chiang Hui-yun, an Individual; and Chiang Wan-an, an Individual, | Hon. Beth Labson Freeman<br><br>Date Filed: September 20, 2013<br>Trial Date: Not Scheduled |
| Defendants. | |

/ / /

The single most important factor in selecting a mediator for any case is neutrality. For that reason and pursuant to the Court's January 26th Order, the Chiang Hsiao-yen Family hereby proposes[1] Professor Thomas Kellogg to serve as mediator in this case. *See* Curriculum Vitae, Prof. T. Kellogg, attached as **Exhibit A**. Professor Kellogg has no political affiliations to any of Taiwan's political parties and has absolutely no relationship to Academia Historica or any of the members of the Chiang Hsiao-yen Family. He is unquestionably the most neutral of all the candidates proposed by either side. What is more, Professor Kellogg checks every box outlined in the Court's Order. Namely, Professor Kellogg is a graduate of Harvard Law School, an adjunct professor of Asian Law at Georgetown University, speaks and reads Mandarin Chinese with ease, is an expert on the history and the law of China and Taiwan, and has offered to mediate the case for the extremely reasonable rate of $400 per hour.

Academia Historica, on the other hand, has proposed a member of the DPP to mediate in a case involving a highly-ranking elected official of the opposition — the KMT party. Moreover, whereas Professor Yuan-Yi Fang's university bio states that his expertise is in Corporate and Commercial Law, the resume Academia Historica provided to this Court conveniently lists one of his areas of expertise as Family Law — the exact area of the law relevant to the issues in this case. His resume makes that claim despite a complete lack of any education, training, or publication on the subject. Finally, Professor Fang appears to be offering his services at a rate that is some 88% less than the market rate of his peers from the same university in Taiwan. Currency exchange rates simply cannot explain how Academia Historica convinced Professor Fang to around 1/10th of his peers. Professor Thomas Kellogg is the only candidate currently before this Court that is beyond reproach.

/ / /

/ / /

/ / /

---

[1] The parties could not agree on the interpretation of the Court's January 26th Order. The Chiang Hsiao-yen Family read the Court's Order as requiring a single joint filing without objections to the other party's proposed mediator. Academia Historica, however, did not agree and made clear that it would be including objections to the Chiang Hsiao-yen Family's proposed mediator. To ensure a complete record, the Chiang Hsiao-yen Family is submitting this separate filing, which includes its objections to Academia Historica's proposed mediator.

**I. Professor Kellogg is neutral third-party who is fluent in Mandarin Chinese, serves as the Executive Director of the Georgetown Center for Asian Law, is deeply familiar with the historical background relevant to this case, and has no political ties to Taiwan.**

Professor Kellogg has a juris doctorate from Harvard Law School and has spent his legal career studying and teaching Asian Law. Early in his career, Professor Kellogg was brought on as a Senior Fellow and Adjunct Professor at the China Law Center at Yale Law School. After teaching for two years at Yale, he spent the next nine years of his career teaching Asian Law at Fordham University School of Law and Columbia Law School as an Adjunct Professor. From 2008 to 2017, Professor Kellogg served as the Director of the East Asia Program at the Open Society Foundations. While at the Open Society Foundations, Professor Kellogg oversaw the expansion of the Foundations' work into Taiwan and North and South Korea. In 2017, Professor Kellogg became the Executive Director of Georgetown's Center for Asian Law, where he oversees various programs related to law and governance in Asia.

Because the focus of his career has been Asian Law, he is fluent in Mandarin Chinese and can easily speak and read the language. In fact, as part of his work on law and politics across China, Hong Kong, and Taiwan, Professor Kellogg regularly travels to the region, and has maintained close contacts with academics, think tank experts, journalists, and others in Taipei, Beijing and Hong Kong for many years. He conducts field and desk research in Mandarin Chinese, and regularly consults Chinese-language legal sources as part of his day-to-day research and teaching. Likewise, as a fellow, he attended Nanjing University in China, where all his courses and coursework were in Mandarin Chinese. There can be little question that he has the necessary English and Mandarin Chinese language skills to mediate this case.

As an expert on Asian Law and politics, Professor Kellogg has an in-depth knowledge of 20th century Chinese history. Professor Kellogg has spent well over a decade of his academic career studying the history and legal systems underpinning China, Taiwan, and other parts of Asia. Professor Kellogg has confirmed his familiarity with Asian history in general and specifically with the important role Chiang Kai-shek and Chiang Ching-kuo in China and Taiwan's history. Professor Kellogg is also personally familiar with Stanford University's Hoover Library & Archives and its collections and is specifically familiar with parts of its Modern China collection. Professor Kellogg knows and has worked with the Director of Hoover's Library & Archives. As appropriate, Professor Kellogg will be able to utilize that

THE CHIANG HSIAO-YEN FAMILY'S PROPOSED MEDIATOR

relationship to work with Hoover personnel to facilitate the mediation. Suffice to say, Professor Kellogg has the relevant historical and political knowledge to serve as an effective mediator in this case.

Additionally, Professor Kellogg has no connection to any of the political parties in Taiwan, the Chiang Hsiao-yen Family, or Academia Historica. Throughout his work, Professor Kellogg has maintained a high degree of academic neutrality and has not engaged in any paid or pro bono professional work for any governmental bodies or any of the political parties of Taiwan. Moreover, Professor Kellogg has not produced any written work that could even suggest the appearance of bias toward any of the parties involved in this case. As a legal scholar, Professor Kellogg has not had any contact with Academia Historica, but he is aware of the institution and has the requisite background knowledge of Academia Historica needed to engage as a mediator in this case. Likewise, outside of conversations related to his potential mediation of this matter, he has not had any prior contact with any member of the Chiang Hsiao-yen Family or their counsel. Because Professor Kellogg lacks any political affiliation with Taiwan or either party to the mediation, he is clearly the most neutral of all of the candidates disclosed thus far.

Despite his extensive and impressive career, Professor Kellogg has offered to serve as mediator in this case for the extremely reasonable rate of $400 an hour, or $3000 per day to be split equally by the parties. Although $200 per party, per hour is more than the rates offered by Academia Historica's candidate, it is an extraordinarily reasonable price for a mediator and is one of the lowest private mediation rates counsel Chiang Hsiao-yen Family has ever encountered. Moreover, and as detailed in the following subsection, there are significant reasons to doubt the rates provided by Academia Historica.

**II.     Just like the other candidates proposed by Academia Historica, Professor Fang cannot serve as a neutral mediator in this case because he has strong political ties to the DPP.**

Professor Fang cannot serve as a neutral mediator in this case because he is too closely affiliated with one of the two major political parties of Taiwan. As previously explained, one of the heirs spearheading the charge for the Chiang Hsiao-yen Family, Chiang Wan-an ("Mayor Wan-an"), was recently elected as the Mayor of Taipei. Mayor Wan-an was elected for the KMT party, which is the opposition party to the DPP. The current President of Taiwan, Tsai Ing-wen — who is directly responsible for appointing the head of Academia Historica and providing Academia Historica with all its funding — is a member of the DPP. Professor Fang is affiliated with the DPP. In fact, Professor Fang recently posted

a picture of President Tsai Ing-wen next to pictures of him in his military uniform. *See* Profile of Prof. Yuan-Yi Fang, Facebook, *available at:* https://www.facebook.com/profile.php?id=100013284490729, attached as **Exhibit B**. Although his political affiliation may not seem disqualifying on its face, given the role politics play in Taiwan and the fact that one of the parties to the mediation is an elected official of the KMT party, his affiliation with the DPP creates a perception of bias.

Unlike in the United States, where some portion of the population is politically disengaged, citizens of Taiwan are fiercely dogmatic and unwaveringly loyal to their chosen political party. The only somewhat analogous comparison to the United States would be the deep partisanship displayed between the extreme right and left wings of the Democratic and the Republican parties. Even that comparison does not perfectly portray the deep and emphatic loyalty to the political parties in Taiwan. Indeed, in the last few years alone the DPP has been forcibly destroying KMT symbols and statues. This fiercely held party loyalty is exactly why neither of the two main mediators proposed by the Chiang Hsiao-yen Family in the first round of submissions nor Professor Kellogg have any association with any of the political parties in Taiwan. No high ranking elected official from the KMT party would ever get a fair shake from a member of the DPP. The perceived bias is simply too great to overcome.

Making matters worse, there are blatant inconsistencies between the information that is publicly available about Professor Fang's experience and the experience detailed on the resume submitted by Academia Historica on his behalf. Professor Fang's bio detailed on the Chinese Culture University's website lists his areas of expertise as "Private International Law, Securities and Exchange Law, Comparative Commercial Law, Corporate Law, International Legal Gathering and Pleadings Practice, Emerging Technology Law, Social Enterprise and Innovation Law." *See* Bio. Fang, Yuan-Yi, Chinese Culture University, *available at*: https://law.pccu.edu.tw/en/faculty-and-staff/full-time-faculty/full-time-professor/fang-yuan-yi, attached in English as **Exhibit C**. Yet, the resume submitted by Academia Historica lists "Family and Private Right Law" as one of Professor Fang's areas of expertise. Attached as **Exhibit D**. Although highly relevant to the issues in this case, nothing in Professor Fang's background, publications, or any other publicly available source suggests that he has any prior education, training, or experience in Family Law. Indeed, Professor Fang's bio makes clear that he has never taught Family Law or even a related subject. The entirety of his resume, bio, online videos, Facebook posts, makes clear that

his specialty is various aspects of "Commercial Law and Corporate Law" and "Emerging Technology Law." *Id.* Unfortunately for Academia Historica, none of Professor Fang's *actual* legal education or experience would appear to be relevant to the matters at issue in this case.

Finally, the rates Academia Historica quoted for Professor Fang are highly suspect. Professor Fang is a professor at the Chinese Culture University, one of Taiwan's largest private universities. Counsel for the Chiang Hsiao-yen Family is extremely familiar with and has personal ties to the Chinese Culture University. Specifically, counsel's mother led as the President of the Chinese Culture University (CCU) for a decade. She was a professor at the CCU for 30 years and served as the Dean of the School of Business at the CCU. As a result of those personal connections, counsel was able to contact professors at the Chinese Culture University and inquire into the general market rate for professors serving as private mediators. Counsel was able to confirm that the market rate for a professor from the Chinese Culture University to serve as a private mediator is around $165 (TWD5,000) per hour or $1320 (TWD40,000) per day. Of course, that rate is only a generalized estimate and may fluctuate according to the individual professor's experience and training. Nonetheless, the rate that Academia Historica quoted is around $165 (TWD5,000) total per day. It is difficult to understand just how or why Academia Historica was able to secure a rate that is 88% lower than the market rate for someone who they claim is extremely experienced from a large Taiwan private university.

### III.     Conclusion.

The Chiang Hsiao-yen Family searched far and wide to find a mediator that could serve as a neutral third-party while also meeting the Court's specifications. Professor Thomas Kellogg is that mediator. He is an adjunct professor of Asian Law at Georgetown University, he is fluent in Mandarin Chinese, he is an expert on the history of China and Taiwan, and he has offered to mediate the case for the reasonable rate of $400 per hour. Academia Historica, on the other hand, has offered another member of the DPP to mediate a case involving a highly-ranking official of the KMT party. Adding insult to injury, Professor Fang appears to be offering his services at a shockingly low rate in comparison to his peers and appears to have magically learned an entirely new area of the law that just so happens to highly relevant to this

case despite having no discernable background or education therein. The only neutral mediator proposed to this Court is Professor Thomas Kellogg.

Dated this 17th day of February, 2023.

                                            **RADLO & SU**

                                            By: */s/*
                                            Peter C. Su

*Attorneys for Defendants Chiang Hsiao-yen, Chiang Hui-lan, Chiang Hui-yun, and Chiang Wan-an*

THE CHIANG HSIAO-YEN FAMILY'S PROPOSED MEDIATOR

Docket No. No. 5:13-cv-04383-BLF
**PROOF OF SERVICE**

I am employed in the State of California. I am over the age of eighteen years, and not a party to the within action; my address is Radlo & Su, 3000 El Camino Real, Bldg 4 – Suite 200, Palo Alto, CA 94306. On February 17, 2023, I served the document titled **THE CHIANG HSIAO YEN FAMILY'S PROPOSED MEDIATOR** on the following party in this action as follows:

**See Attached Service List.**

(X)   BY MAIL: I caused each envelope, with postage thereon fully prepaid, to be placed in the U.S. Postal Service mail at Danville, CA. I am familiar with the firm's practice for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the U.S. Postal Service the same day as it is placed for collection.

(X)   BY EMAIL TRAMISSION: The above-referenced document is transmitted via electronic transmission to the persons at the electronic-email addresses indicated on the attached Service List.

( )   BY PERSONAL SERVICE: I delivered to an authorized courier or driver authorized by _____ to receive documents to be delivered, or personally delivering the above-referenced document, on the same date. A proof of service signed by the authorized courier will be filed forthwith.

( )   BY OVERNIGHT COURIER: The above-referenced document is placed in a sealed envelope with shipping prepaid via Federal Express and deposited in a collection box for overnight delivery.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 17th day of February 2023, at Santa Clara, California.

  /s/ Rebecca Wang

Docket No. No. 5:13-cv-04383-BLF
**SERVICE LIST**

**Via Electronic Mail Only**

Mr. Chungyan "James" Chan
Room 501, Block 70
2000 Gu Dai Road
Shanghai, China
jameschan1945@sina.com

Amy Hsiao-chang Yu
2905 Buena Vista Way
Berkeley, CA  94708-2017
ayu@pobox.com

**Via U.S. Mail**

Chiang Yo-bo
1F No 9 Lane 9
Lin Sun North Road
Taipei 100, Taiwan

Chiang Yo-ching
1F No 9 Lane 9
Lin Sun North Road
Taipei 100, Taiwan

Chiang Yo-ching
1F No 9 Lane 9
Lin Sun North Road
Taipei 100, Taiwan

Chiang Yo-lan
1F No 9 Lane 9
Lin Sun North Road
Taipei 100, Taiwan

Chiang Yo-sung
1F No 9 Lane 9
Lin Sun North Road
Taipei 100, Taiwan

Chiang Fang Chi-yi
1F No 9 Lane 9
Lin Sun North Road
Taipei 100, Taiwan

Chiang Tsai Hui-mei
1F No 9 Lane 9
Lin Sun North Road
Taipei 100, Taiwan