MARK D. LITVACK #183652
mark.litvack@pillsburylaw.com
JEFFREY D. WEXLER #132256
jeffrey.wexler@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, 36th Floor
Los Angeles, CA  90017-5524
Telephone: (213) 488-7100
Facsimile No.: (213) 629-1033

Attorneys for Plaintiff
THE BOARD OF TRUSTEES OF THE
LELAND STANFORD JUNIOR UNIVERSITY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY,<br><br>Plaintiff,<br><br>vs.<br><br>CHIANG FANG CHI-YI, an individual; CHIANG HSIAO-CHANG, an individual; CHIANG YO-MEI, an individual; CHIANG TSAI HUI-MEI, an individual; CHIANG YO-SUNG, an individual; CHIANG YO-LAN, an individual; CHIANG YO-BO, an individual; CHIANG YO-CHANG, an individual; CHIANG YO-CHING, an individual; CHUNGYAN CHAN, an individual; ACADEMIA HISTORICA, an entity of The Republic of China; CHIANG HSIAO-YEN, an individual; CHIANG HUI-LAN, an individual; CHIANG HUI-YUN, an individual; CHIANG WAN-AN, an individual, and CHIU JU-HSUEH, an Individual.<br><br>Defendants. | Case No. 5:13-cv-04383-BLF-VKD<br><br>**PLAINTIFF THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY'S REQUEST FOR MODIFICATION OF ORDER DISMISSING ACTION AS TO CHUNGYAN ("JAMES") CHAN [Dkt. 396]**<br><br>Judge: Hon. Beth Labson Freeman |

Plaintiff The Board of Trustees of The Leland Stanford Junior University ("Stanford") respectfully submits this request for modification of the Court's July 7, 2023 Order Dismissing Action as to Chungyan ("James") Chan [Dkt. 396] pursuant to which the Court held that, in light of the failure of Chungyan ("James") Chan ("Mr. Chan") to respond by July 6, 2023 to the Court's June 15, 2023 Order to Show Cause [Dkt. 390], "[t]he action is DISMISSED as to Mr. Chan for failure to prosecute." Dkt. 396.

As the Court knows, Stanford filed this interpleader action asking the Court to determine the conflicting claims raised by parties including Mr. Chan to certain diaries and papers of Chiang Kai-shek and Chiang Ching-kuo (the "Deposit"). In its Complaint, Stanford asked the Court: (1) to release and discharge Stanford from any and all liability on account of the claims that each defendant may have in the Deposit; and (2) to restrain each defendant from instituting any action against Stanford for recovery of the Deposit. On August 22, 2022, the Court granted Stanford such relief in its Order Granting Motion for an Order Releasing and Discharging Stanford from Liability; and Restraining Each Defendant from Instituting Action Against Stanford for Recovery of Deposit [Dkt. 346] (the "August 22 Order").

On June 21, 2023, defendant Academia Historica ("AH") filed its Motion for Entry of Order to Transfer Deposits and Final Judgment [Dkt. 392]. AH's [Proposed] Order [Dkt. 392-1], *inter alia*: (1) incorporates by reference the August 22 Order; and (2) provides that "Stanford is released and discharged from any and all liability on the account of any claims that any defendants may have with regard to the transfer of possession of the Deposits to Academia Historica." *Id.* at 2.

Stanford is concerned that dismissal of Mr. Chan as a defendant prior to entry of the Order on AH's motion might be interpreted as creating ambiguity as to whether he is bound by that Order, thereby leaving Stanford open to a possible claim by Mr. Chan based upon its transfer of the Deposit to Academia Historica pursuant to an Order from this Court. This concern is heightened as Mr. Chan has threatened to sue Stanford over its handling of the Deposit, including in letters sent on March 17, 2020, March 31, 2020, and August 22, 2020. *See* Dkts. 295-5, 295-6, 320-3, 320-4.

///

Stanford therefore believes that it would be preferable, rather than dismissing the action as to Mr. Chan for failure to prosecute, for the Court to enter Mr. Chan's default pursuant to Fed. R. Civ. P. 55(a) and, if the Court chooses, to enter a default judgment against Mr. Chan pursuant to Fed. R. Civ. P. 55(b).

In the alternative, Stanford notes that July 5, 2023 was the deadline for any party to oppose AH's motion, *see* Local Rule 7-3(a), and that no party opposed that motion. Accordingly, the Court could dispose of the case against Mr. Chan – and as to all parties – by withdrawing its Order of this morning [Dkt. 396] and granting AH's motion and entering judgment thereon.

Respectfully submitted,

Dated: July 7, 2023

    MARK D. LITVACK
    JEFFREY D. WEXLER
    PILLSBURY WINTHROP SHAW PITTMAN LLP

    By: /s/ Mark D. Litvack
          Mark D. Litvack
    Attorneys for Plaintiff The Board of Trustees of Leland Stanford Junior University

Docket No. CV-13-04383-BLF-HRL
<u>PROOF OF SERVICE</u>

I am employed in the State of California, in the office of a member of the bar of this Court, at whose direction the service is made. I am over the age of eighteen years, and not a party to the within action. My email and business address is kelly.saunders@pillsburylaw.com and Pillsbury Winthrop Shaw Pittman LLP, 725 South Figueroa Street, 36th Floor, Los Angeles, CA 90017-5524. On July 7, 2023, I served the document titled **PLAINTIFF THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY'S REQUEST FOR MODIFICATION OF ORDER DISMISSING ACTION AS TO CHUNGYAN ("JAMES") CHAN [Dkt. 396]** on the following party in this action as follows:

**See Attached Service List.**

☒ **(BY MAIL)** I caused each envelope, with postage thereon fully prepaid, to be placed in the United States mail at Los Angeles, CA. I am readily familiar with the practice of Pillsbury Winthrop Shaw Pittman LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

☐ **(BY FACSIMILE)** The above-referenced document is transmitted by facsimile transmission and the transmission was reported as complete and without error to the numbers listed above.

☒ **(BY EMAIL TRANSMISSION)** The above-referenced document is transmitted via electronic transmission to the persons at the electronic-email addresses indicated on the attached Service List.

☐ **(BY PERSONAL SERVICE)** I delivered to an authorized courier or driver authorized by _____ to receive documents to be delivered on the same date. A proof of service signed by the authorized courier will be filed forthwith.

☐ **(BY OVERNIGHT COURIER)** I am readily familiar with the practice of Pillsbury Winthrop Shaw Pittman LLP for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by _____ for overnight delivery.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 7th day of July, 2023, at Anaheim, California.

_____
Kelly Saunders

**Service List**

Mr. Chungyan "James" Chan  
Room 501, Block 70  
2000 Gu Dai Road  
Shanghai, China  

Via e-mail only  
jameschan1945@sina.com  

Amy Hsiao-chang Yu  
2905 Buena Vista Way  
Berkeley, CA  94708-2017  

Via e-mail only  
ayu@pobox.com  

**Via U.S. Mail**

Chiang Yo-bo  
1F No 9 Lane 9  
Lin Sun North Road  
Taipei, 100  
Taiwan  

Chiang Yo-chang  
1F No 9 Lane 9  
Lin Sun North Road  
Taipei, 100  
Taiwan  

Chiang Yo-ching  
1F No 9 Lane 9  
Lin Sun North Road  
Taipei, 100  
Taiwan  

Chiang Yo-lan  
1F No 9 Lane 9  
Lin Sun North Road  
Taipei, 100  
Taiwan  

Chiang Yo-sung  
1F No 9 Lane 9  
Lin Sun North Road  
Taipei, 100  
Taiwan  

Chiang Fang Chi-yi  
1F No 9 Lane 9  
Lin Sun North Road  
Taipei, 100  
Taiwan  

Chiang Tsai Hui-mei  
1F No 9 Lane 9  
Lin Sun North Road  
Taipei, 100  
Taiwan