# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>CHIANG FANG CHI-YI, et al.,<br><br>Defendants. | Case No.  13-cv-04383-BLF<br><br>**ORDER GRANTING STANFORD'S EX PARTE APPLICATION TO CLARIFY JULY 11, 2023 ORDER** |

The Board of Trustees of the Leland Stanford Junior University ("Stanford") submitted an *ex parte* application, ECF No. 408, asking the Court to clarify its July 11, 2023 Order. The July 11, 2023 Order directs Stanford "to transfer and turnover possession of [certain diaries and papers of Chiang Kai-shek and Chiang Ching-kuo ("Deposits")] in their entirety to Academia Historica within 60 days after the entry of this Order." ECF No. 404. On the same day, the Court issued the Final Judgment. ECF No. 405. On August 7, 2023, defendant Chungyan ("James") Chan filed a Notice of Appeal. ECF No. 406. Stanford requests that this Court clarify the effect of Chan's appeal on Stanford's obligations under the July 11, 2023 Order. ECF No. 408 at 4. Academia Historica filed a response to Stanford's *ex parte* application, requesting that the transfer of the Deposits proceed as ordered. ECF No. 410 at 2.

It is well-established that "[u]nless a court issues a stay, a trial court's judgment . . . normally takes effect despite a pending appeal." *Coleman v. Tollefson*, 575 U.S. 532, 539 (2015); *see also In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987) ("Absent a stay, 'all orders and judgments of courts must be complied with promptly.'" (quoting *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983))); *Oceana, Inc. v. Ross*, 359 F. Supp. 3d 821, 829

(N.D. Cal. 2019) (enforcing a judgment because *inter alia*, "Defendants did not seek a stay to relieve themselves of the requirements of the Court's orders"); *Leuzinger v. Cnty. of Lake*, 253 F.R.D. 469, 473 (N.D. Cal. 2008) (holding that a judgment was final and enforceable because the County failed to seek a stay).  The Court has provided ample time for any appeal and request for stay.  The automatic stay under Fed. R. Civ. P. 62(a) has expired, and no party has sought a stay under Fed. R. Civ. P. 62(b).  Although Chan has filed a Notice of Appeal, he has not requested a companion stay.  As such, the July 11, 2023 Order has taken effect and Stanford must comply by transferring the Deposits to Academia Historica within 60 days of that order notwithstanding the pending appeal.  *See Crystal Palace*, 817 F.2d at 1365.

In light of the above, Stanford's *ex parte* application is GRANTED, and the Court directs Stanford to comply with the July 11, 2023 Order.  This clarifying order does not constitute further action by the Court.

**IT IS SO ORDERED.**

Dated: August 21, 2023

_____
BETH LABSON FREEMAN
United States District Judge